UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | **INDICTMENT** |
| - v. - | |
| FARHAD SHAKERI, CARLISLE RIVERA, a/k/a "Pop," and JONATHAN LOADHOLT, | **24 CRIM 670** |
| Defendants. | |

## COUNT ONE
**(Conspiracy to Provide Material Support to a Designated Foreign Terrorist Organization)**

The Grand Jury charges:

1.     From at least in or about December 2023, up to and including in or about November 2024, in Iran, the Southern District of New York, and elsewhere, and in an offense begun and committed out of the jurisdiction of any particular State or district of the United States, FARHAD SHAKERI, the defendant, and others known and unknown, at least one of whom will be first brought to and arrested in the Southern District of New York, knowingly and willfully combined, conspired, confederated, and agreed together and with each other to provide "material support or resources," as that term is defined in Title 18, United States Code, Section 2339A(b)(1), to a foreign terrorist organization ("FTO"), namely, the Islamic Revolutionary Guard Corps ("IRGC"), which was designated by the U.S. Secretary of State as an FTO on or about April 15, 2019, and is currently designated as such as of the date of the filing of this Indictment.

2.     It was a part and an object of the conspiracy that FARHAD SHAKERI, the defendant, and others known and unknown, would and did knowingly provide the IRGC with material support and resources, including services, property, and personnel (including himself),

knowing that the IRGC was a designated terrorist organization (as defined in Title 18, United States Code, Section 2339B(g)(6)), that the IRGC engages and has engaged in terrorist activity (as defined in Section 212(a)(3)(B) of the Immigration and Nationality Act), and that the IRGC engages and has engaged in terrorism (as defined in Section 140(d)(2) of the Foreign Relations Authorization Act, Fiscal Years 1988 and 1989), in violation of Title 18, United States Code, Section 2339B.

(Title 18, United States Code, Sections 2339B(a)(1), (d)(1)(C), (d)(1)(E), and (d)(1)(F), and 3238.)

## COUNT TWO
### (Provision of Material Support to a Designated Foreign Terrorist Organization)

The Grand Jury further charges:

3.    From at least in or about December 2023, up to and including in or about November 2024, in Iran, the Southern District of New York and elsewhere, and in an offense begun and committed out of the jurisdiction of any particular State or district of the United States, FARHAD SHAKERI, the defendant, and others known and unknown, at least one of whom is expected to be first brought to and arrested in the Southern District of New York, knowingly provided, attempted to provide, and aided and abetted the provision of "material support or resources," as that term is defined in Title 18, United States Code, Section 2339A(b), including, among other things, services, property, and personnel (including himself), to a FTO, namely, the IRGC, which was designated by the U.S. Secretary of State as an FTO on or about April 15, 2019, and is currently designated as such, as of the date of the filing of this Indictment, knowing that the IRGC was a designated FTO (as defined in Title 18, United States Code, Section 2339B(g)(6)), that the IRGC engages and has engaged in terrorist activity (as defined in Section 212(a)(3)(B) of the Immigration and Nationality Act ("INA")), and that the IRGC engages and has engaged in

terrorism (as defined in Section 140(d)(2) of the Foreign Relations Authorization Act, Fiscal Years 1988 and 1989).

(Title 18, United States Code, Sections 2339B(a)(1), (d)(1)(C), (E), and (F), 2, and 3238.)

### COUNT THREE
**(Murder-for-Hire)**

The Grand Jury further charges:

4.    From at least in or about December 2023, up to and including in or about November 2024, in Iran, the Southern District of New York, and elsewhere, and in an offense begun and committed out of the jurisdiction of any particular State or district of the United States, FARHAD SHAKERI, CARLISLE RIVERA, a/k/a "Pop," and JONATHAN LOADHOLT, the defendants, and others known and unknown, at least one of whom is expected to be first brought to and arrested in the Southern District of New York, traveled in and caused another to travel in interstate and foreign commerce, and used and caused another to use the mail and a facility of interstate and foreign commerce, with intent that a murder be committed in violation of the laws of the State of New York or the United States as consideration for the receipt of, and as consideration for a promise or agreement to pay, a thing of pecuniary value, and aided and abetted the same, to wit, SHAKERI, RIVERA, and LOADHOLT used cellphones and electronic messaging applications to communicate with each other in furtherance of a plot for RIVERA and LOADHOLT to kill an individual ("Victim-1") in New York City in exchange for payment.

(Title 18, United States Code, Sections 1958, 2, and 3238.)

## COUNT FOUR
### (Conspiracy to Commit Murder-for-Hire)

The Grand Jury further charges:

5.      From at least in or about December 2023, up to and including in or about November 2024, in Iran, the Southern District of New York, and elsewhere, and in an offense begun and committed out of the jurisdiction of any particular State or district of the United States, FARHAD SHAKERI, CARLISLE RIVERA, a/k/a "Pop," and JONATHAN LOADHOLT, the defendants, and others known and unknown, at least one of whom is expected to be first brought to and arrested in the Southern District of New York, knowingly and willfully did combine, conspire, confederate, and agree together and with each other to commit murder-for-hire, in violation of Title 18, United States Code, Section 1958.

6.      It was a part and an object of the conspiracy that FARHAD SHAKERI, CARLISLE RIVERA, a/k/a "Pop," and JONATHAN LOADHOLT, the defendants, and others known and unknown, would and did knowingly travel in and cause others to travel in interstate and foreign commerce, and would and did use and cause another to use a facility of interstate and foreign commerce, with intent that a murder be committed in violation of the laws of the State of New York or the United States as consideration for the receipt of and as consideration for a promise or agreement to pay anything of pecuniary value, to wit, SHAKERI, RIVERA, and LOADHOLT participated in an agreement whereby RIVERA and LOADHOLT would kill Victim-1 in exchange for payment, and used cellphones and electronic messaging applications to communicate in furtherance of the scheme.

(Title 18, United States Code, Sections 1958 and 3238.)

4

## COUNT FIVE
### (Money Laundering Conspiracy)

The Grand Jury further charges:

7.    From at least in or about December 2023, up to and including in or about November 2024, in Iran, the Southern District of New York, and elsewhere, and in an offense begun and committed out of the jurisdiction of any particular State or district of the United States, FARHAD SHAKERI, CARLISLE RIVERA, a/k/a "Pop," and JONATHAN LOADHOLT, the defendants, and others known and unknown, at least one of whom is expected to be first brought to and arrested in the Southern District of New York, knowingly and willfully did combine, conspire, confederate, and agree together and with each other to commit money laundering, in violation of Title 18, United States Code, Section 1956.

8.    It was a part and an object of the conspiracy that FARHAD SHAKERI, CARLISLE RIVERA, a/k/a "Pop," and JONATHAN LOADHOLT, the defendants, and others known and unknown, knowing that the property involved in a financial transaction represented the proceeds of some form of unlawful activity, would and did conduct and attempt to conduct such a financial transaction, which transaction affected interstate and foreign commerce and involved the use of a financial institution which was engaged in, and the activities of which affected, interstate and foreign commerce, and which in fact involved the proceeds of specified unlawful activity, to wit, the murder-for-hire offenses charged in Counts Three and Four of this Indictment, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

9.    It was further a part and an object of the conspiracy that FARHAD SHAKERI, CARLISLE RIVERA, a/k/a "Pop," and JONATHAN LOADHOLT, the defendants,

and others known and unknown, would and did transport, transmit, and transfer, and attempt to transport, transmit, and transfer, a monetary instrument and funds from a place in the United States to and through a place outside the United States and to a place in the United States from and through a place outside the United States, in amounts exceeding $10,000, with the intent to promote the carrying on of specified unlawful activity, to wit, the murder-for-hire offenses charged in Counts Three and Four of this Indictment, in violation of Title 18, United States Code, Section 1956(a)(2)(A).

(Title 18, United States Code, Sections 1956(h), (f), and 3238.)

## COUNT SIX
**(Conspiracy to Violate the International Emergency Economic Powers Act)**

The Grand Jury further charges:

### The International Emergency Economic Powers Act

10.     The International Emergency Economic Powers Act ("IEEPA"), codified at Title 50, United States Code, Sections 1701 to 1708, confers upon the President authority to deal with unusual and extraordinary threats to the national security and foreign policy of the United States.  Section 1705 provides, in part, that "[i]t shall be unlawful for a person to violate, attempt to violate, conspire to violate, or cause a violation of any license, order, regulation, or prohibition issued under this title."  50 U.S.C. § 1705(a).

### The Global Terrorism Sanctions Regime

11.     On September 23, 2001, the President issued Executive Order 13224, providing that all property and interests in property in the United States of persons determined to have committed or to pose a significant risk of committing acts of terrorism that threaten U.S. nationals or the national security, foreign policy, or economy of the United States, or determined to act for or on behalf of such persons or to assist in, sponsor, or provide financial, material, or

technological support for, or financial or other services to or in support of, such acts of terrorism or such persons—designated as Specially Designated Global Terrorists ("SDGTs")—are blocked. Executive Order 13224 authorized the U.S. Secretary of the Treasury to promulgate rules and regulations necessary to carry out the Executive Order. Pursuant to this authority, the Secretary of the Treasury promulgated the Global Terrorism Sanctions Regulations ("GTSR"), implementing the sanctions imposed by the Executive Order.

12. Title 31, Code of Federal Regulations, Section 594.201(a) of the GTSR provides, in relevant part:

> [P]roperty and interests in property of [SDGTs] that are in the United States, that hereafter come within the United States, or that hereafter come within the possession or control of U.S. persons, including their overseas branches, are blocked and may not be transferred, paid, exported, withdrawn or otherwise dealt in . . .

without a license from the U.S. Department of the Treasury, Office of Foreign Assets Control ("OFAC").

13. Section 594.205 of the GTSR further prohibits attempts and conspiracies to violate or to evade the prohibitions of the GTSR.

a. As alleged above, *see supra* ¶ 1, the IRGC has been designated as an FTO by the U.S. Secretary of State.

b. On or about October 13, 2017, OFAC designated the IRGC as an SDGT pursuant to Executive Order 13224.

### Statutory Allegations

14. From at least in or about December 2023, up to and including in or about November 2024, in Iran, the Southern District of New York, and elsewhere, and in an offense begun and committed out of the jurisdiction of any particular State or district of the United States,

7

FARHAD SHAKERI, the defendant, and others known and unknown, at least one of whom is expected to be first brought to and arrested in the Southern District of New York, knowingly and willfully combined, conspired, confederated, and agreed together and with each other to violate, and to cause a violation of, licenses, orders, regulations, and prohibitions issued under the IEEPA.

15.     It was a part and an object of the conspiracy that FARHAD SHAKERI, the defendant, and others known and unknown, would and did cause U.S. persons to engage in transactions and dealings in property and interests in property of persons whose property and interests in property are blocked pursuant to the GTSR, including the IRGC, without first obtaining the required approval of OFAC; and to evade the requirements of U.S. law with respect to transactions and dealings in property and interests in property of the IRGC, in violation of Executive Order 13224 and Title 31, Code of Federal Regulations, Sections 594.201, 594.204, and 594.205.

(Title 50, United States Code, Section 1705; Executive Order 13224; Title 31, Code of Federal Regulations, Sections 594.201, 594.204, and 594.205; Title 18, United States Code, Section 3238.)

## FORFEITURE ALLEGATIONS

16.     As a result of committing the terrorism offenses alleged in Counts One and Two of this Indictment, FARHAD SHAKERI, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 981(a)(1)(G), and Title 28, United States Code, Section 2461:

a)  Any property, real or personal, which constitutes or is derived from proceeds traceable to said offenses;

b)  all right, title, and interest in all assets, foreign and domestic;

c)  all right, title, and interest in all assets, foreign and domestic, affording a source of influence over the IRGC;

8

    d) all right, title, and interest in all assets, foreign and domestic, acquired and maintained with the intent and for the purpose of supporting, planning, conducting, and concealing a Federal crime of terrorism against the United States, citizens and residents of the United States, and their property; and

    e) all right, title, and interest in all assets, foreign and domestic, derived from, involved in, and used and intended to be used to commit a Federal crime of terrorism against the United States, citizens and residents of the United States, and their property;

including, but not limited to, a sum of money representing the value of the property described above as being subject to forfeiture.

        17.    As a result of committing the offenses alleged in Counts Three and Four of this Indictment, FARHAD SHAKERI, CARLISLE RIVERA, a/k/a "Pop," and JONATHAN LOADHOLT, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2641(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses.

        18.    As a result of committing the offense charged in Count Five of the Indictment, FARHAD SHAKERI, CARLISLE RIVERA, a/k/a "Pop," and JONATHAN LOADHOLT, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real and personal, involved in said offense, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in said offense.

        19.    As a result of committing the offense charged in Count Six of the Indictment, FARHAD SHAKERI, CARLISLE RIVERA, a/k/a "Pop," and JONATHAN LOADHOLT, the defendants, shall forfeit to the United States, pursuant to Title 18, United States

9

Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

## Substitute Assets Provision

20.    If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

a)    cannot be located upon the exercise of due diligence;

b)    has been transferred or sold to, or deposited with, a third person;

c)    has been placed beyond the jurisdiction of the Court;

d)    has been substantially diminished in value; or

e)    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property.

(Title 18, United States Code, Section 981;
Title 18, United States Code, Section 982;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

FOREPERSON

Damian Williams
DAMIAN WILLIAMS
United States Attorney

10