```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
UNITED STATES                                                     :
                                                                  :
                                                                  :
                                                                  :
                                                                  :   24-cv-0670-LJL-3
          -v-                                                     :
                                                                  :   MEMORANDUM AND
JONATHAN LOADHOLT                                                 :   ORDER
                                                                  :
                                                                  :
                                                                  :
------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/20/2025

LEWIS J. LIMAN, United States District Judge:

Defendant Jonathan Loadholt moves for an order granting him release on a bond. Dkt. No. 32. The motion is denied.

Section 3142(e) of Title 18 of the U.S. Code provides that "[i]f after a hearing . . . the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial." 18 U.S.C. § 3142(e)(1); *see United States v. Mattis*, 963 F.3d 285, 290 (2d Cir. 2020). "Under risk of flight, the Government must prove, by a preponderance of the evidence, both that a defendant presents a risk of flight if not detained and that there are no conditions which will reasonably assure the defendant's presence if she is released. Under dangerousness, the Government must prove, by clear and convincing evidence, not only a defendant's potential danger to the community, but also that no conditions can reasonably assure the safety of any other person and the community." *United States v. Paulino*, 335 F. Supp. 3d 600, 603 (S.D.N.Y. 2018).

In November 2024, Magistrate Judge Jennifer E. Willis denied Mr. Loadholt's

application for bail and ordered him detained based on danger to the community. Dkt. No. 30 at 31. The court also expressed concerns about risk of flight but deemed it unnecessary to determine whether the Government had met its burden as to risk of flight. *Id.* at 30.

A district judge conducts a *de novo* review of a magistrate's bail determination. *See United States v. Gotti*, 358 F. Supp. 2d 280, 282 (S.D.N.Y. 2005). A district judge hearing a bail appeal must exercise his or her independent judgment without deference to the decision of the magistrate judge. *See United States v. Leon*, 766 F.2d 77, 80 (2d Cir. 1985).

In deciding whether there are conditions of release that will reasonably assure the appearance of the person and the safety of the community, the court should consider the following factors:

(1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence . . .;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including—

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release . . .

18 U.S.C. § 3143(g).

The Court finds that Mr. Loadholt's release would create a serious risk of flight and that there exists no condition or combination of conditions that could reasonably assure his presence for trial. Mr. Loadholt possesses "a strong motive to flee." *United States v. Sabhnani*, 493 F.3d 63, 76 (2d Cir. 2007). He faces serious charges that he engaged in a plot to commit murder for hire under 18 U.S.C. § 1958, engaged in a conspiracy to commit murder for hire in violation of 18 U.S.C. § 1958, and engaged in a money-laundering conspiracy in violation of 18 U.S.C. § 1956(h). If convicted of all three offenses, he faces a statutory maximum sentence of 60 years in prison. The Government estimates that his Guidelines range would be decades in prison.

Although the evidence against Mr. Loadholt is mainly in the form of documents and electronic evidence, it appears strong. It includes evidence of his trips to Connecticut and Brooklyn to stake out locations where his intended victim was expected to be, correspondence with his co-conspirator regarding their plans to stake out those locations and their receipt of substantial payments for engaging in criminal conduct, co-conspirator statements that are reasonably understood to discuss a plan to commit murder for hire, photographs of Mr. Loadholt in the possession of firearms, and ammunition found in his residence at the time of his arrest. The evidence includes also a text message from the third alleged co-conspirator, Mr. Shakeri, to the other co-conspirator, Mr. Rivera, which was then shared with Mr. Loadholt, and which contains references to "finish[ing] the work," and the payment of "100K." Dkt. No. 1 ¶21(ii)(iii).

The evidence against Mr. Loadholt includes his engaging in furtive actions to avoid detection from law enforcement—actions that give rise to a concern that if he were released, he would (with a far greater motive to flee) engage in furtive actions to avoid detection. He

allegedly used burner phones, switched the license plates of his car, avoided carrying his cellphone, and gave a vendor a name other than his own when he was engaged in staking out the victim's property.

The Court recognizes that Mr. Loadholt has a relationship with his girlfriend of 13 years that produced a young child, but is cognizant also that his relationship and child did not prevent him from keeping large quantities of marijuana and ammunition in the location he shared with them. He also reported living with his grandmother and aunt, but neither of them is a co-signor of the proposed bond. Mr. Loadholt does not have significant assets in this jurisdiction (or indeed in the United States), nor is there evidence of other significant ties to the United States. His employment history also provides him with little reason not to flee; his last job prior to his arrest was in 2023, and at that time he had worked for the MTA for only a few months. In short, without questioning the sincerity of his relationships with those individuals who offer to co-sign Mr. Loadholt's proposed bond, the Court finds that he retains a significant incentive to flee. Nor is there persuasive evidence that the persons he proposed as co-signors would exercise significant moral persuasion over him sufficient to avoid the risk of flight. His girlfriend and two of her relatives are proposed as co-signors. As noted, any moral suasion his girlfriend exercised over him did not prevent him from keeping drugs in the residence they shared. Others are friends of the family, including one who spends holidays with Mr. Loadholt and his family. Their letters, however, are relatively generic, and do not evince sufficiently strong ties or the kind of persuasive influence that a court might rely upon to find a diminished risk of flight.

Finally, as to his danger to the community, Mr. Loadholt has a criminal history which includes convictions for robbery and criminal possession of a weapon, albeit that history is dated. There is evidence of his possession of firearms with extended magazines as well as of his efforts

to sell firearms. Dkt. No. 1 ¶ 29(a). That evidence, plus the serious nature of the crimes with which Mr. Loadholt is charged—participating in a plot to kill a person he did not know, at the behest of another person he did not know—provide evidence that he poses a risk of danger to the community.

    The Clerk of Court is respectfully directed to close the motion at Dkt. No. 32.

SO ORDERED.

Dated: October 20, 2025
       New York, New York

                            LEWIS J. LIMAN
                          United States District Judge