```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
UNITED STATES OF AMERICA,                                          :
                                                                   :
                                                                   :
            -v-                                                    :   24-cr-670 (LJL)
                                                                   :
JONATHAN LOADHOLT,                                                 :   MEMORANDUM AND
                                                                   :          ORDER
                              Defendant.                           :
                                                                   :
-------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/21/2025

LEWIS J. LIMAN, United States District Judge:

Defendant Jonathan Loadholt ("Defendant" or "Loadholt") moves for an order dismissing the indictment for improper venue. Dkt. No. 21.[1]

## BACKGROUND

Loadholt was arrested on a complaint dated November 6, 2024, Dkt. No. 1, and indicted on December 5, 2024, Dkt. Nos. 3–4 (the "Indictment"). The charges stem from an alleged plot that Loadholt and his co-conspirators Carlisle Rivera ("Rivera") and Farhad Shakeri ("Shakeri") engaged in to target and murder an Iranian-American journalist, author, political activist, and outspoken critic of the Iranian regime's human rights abuses and corruption. Dkt. No. 1.

The Indictment charges six different counts, only three of which involve Loadholt. Count One charges Shakeri with conspiracy to provide material support to a designated foreign terrorist organization, the Islamic Revolutionary Guard Corps ("IRGC"), in violation of 18

---

[1] Loadholt also moved for an order severing trial of his case from that of his co-defendant, Carlisle Rivera. Dkt. No. 21. On October 17, 2025, Rivera pled guilty to a superseding indictment in satisfaction of the charges contained in the indictment. Accordingly, Loadholt's motion for severance is moot. Co-defendant Farhad Shakeri has not been arrested and, according to the Government, is "at large." Dkt. No. 11 at 5:19–21.

U.S.C. §§ 2339B(a)(1), (d)(1)(C), (d)(1)(E), and (d)(1)(F). Dkt. No. 4 ¶¶ 1–2. Count Two charges Shakeri with provision of material support for a designated foreign terrorist organization, the IRGC, in violation of 18 U.S.C. §§ 2 and 2339B(a)(1), (d)(1)(C), (d)(1)(E), (d)(1)(F). *Id.* ¶ 3. Count Three charges Loadholt, Rivera, and Shakeri with murder for hire in violation of 18 U.S.C. §§ 2 and 1958. *Id.* ¶ 4. Count Four charges Shakeri, Rivera, and Loadholt with conspiracy to commit murder for hire in violation of 18 U.S.C. § 1958. *Id.* ¶¶ 5–6. Count Five charges Shakeri, Rivera, and Loadholt with conspiracy to commit money laundering in violation of 18 U.S.C. §§ 1956(h) and (f). *Id.* ¶¶ 7–9. Count Six charges Shakeri (but not Rivera or Loadholt) with conspiracy to violate the International Emergency Economic Powers Act in violation of 50 U.S.C. § 1705, Executive Order 13224, and 31 C.F.R. §§ 594.201, 594.204, and 594.205. *Id.* ¶¶ 10–15.

Each count of the Indictment alleges that the conduct giving rise to the alleged crime occurred "in Iran, the Southern District of New York, and elsewhere, and in an offense begun and committed out of the jurisdiction of any particular State or district of the United States." Dkt. No. 4 ¶¶ 1,3, 4, 5, 7, 14. Each count is followed by a parenthetical that identifies the substantive statute the defendants are alleged to have violated, as well as 18 U.S.C. § 3238, which governs venue for offenses not committed in any district of the United States. *Id.*

## DISCUSSION

Loadholt moves to dismiss the Indictment for improper venue. Dkt. No. 22 at 9.[2] He argues that the facts do not support the existence of venue with respect to the venue statute, 18

---

[2] More precisely, Loadholt joins in the arguments made by co-Defendant Rivera as to why venue is improper. *See* Dkt. No. 24 at 2–6 (Rivera's argument); Dkt. No. 22 at 9 (Loadholt adopting Rivera's arguments). Accordingly, the Court treats Rivera's arguments as if they were made by Loadholt.

U.S.C. § 3238, referenced in the parenthetical appended to each count of the Indictment and that, as a result, the Indictment must be dismissed. Dkt. No. 24 at 2–6. That argument is based on the faulty premise that venue can be established under only the specific statutory provision cited in the Indictment. Because the Government has, at this stage, sufficiently alleged venue under an alternative venue provision, 18 U.S.C. § 3237, Loadholt's motion to dismiss the Indictment is denied.

A defendant has a "right to be tried in the state and district in which the charged crime 'shall have been committed' [which] is grounded in two provisions of the Constitution, *see* U.S. Const. art. III, § 2, cl. 3; *id.* amend. VI, and reiterated in Fed. R. Crim. P. 18." *United States v. Davis*, 689 F.3d 179, 184–85 (2d Cir. 2012); *see also United States v. Ramirez*, 420 F.3d 134, 138 (2d Cir. 2005). Thus, the Indictment must allege facts supporting that Loadholt can be tried in this District under both the Constitution and the relevant federal rule. "Where venue is challenged on a pre-trial motion to dismiss, the Government's burden is limited to showing that the indictment alleges facts sufficient to support venue." *United States v. Paduch*, 2024 WL 778938, at *1 (S.D.N.Y. Feb. 26, 2024) (quoting *United States v. Milton*, 2021 WL 5304328, at *3 (S.D.N.Y. Nov. 15, 2021)) (citing cases). "The Government need only allege that criminal conduct occurred within the venue, 'even if phrased broadly and without a specific address or other information,' in order to satisfy its burden with regard to pleading venue." *United States v. Ohle*, 678 F. Supp. 2d 215, 231 (S.D.N.Y. 2010) (Sand, J.) (quoting *United States v. Bronson,* 2007 WL 2455138, at *4 (E.D.N.Y. Aug. 23, 2007)).

Defendant's argument that venue has not been established in his Indictment is premised on a parenthetical to each count therein that specifically references 18 U.S.C. § 3238. The cited statute provides that "[t]he trial of all offenses begun or committed upon the high seas, or

3

elsewhere out of the jurisdiction of any particular State or district, shall be in the district in which the offender, or any one or two or more joint offenders, is arrested or is first brought." 18 U.S.C. § 3238. Defendant posits that venue is improper in the Southern District of New York under Section 3238 because the conduct charged in Counts Three through Five either began or was committed in part "out of the jurisdiction of any particular State or district," and Loadholt was arrested in the Eastern District of New York, making venue appropriate only there. Were Section 3238 the only statute under which the Government could establish venue for Loadholt's indicted crimes, that argument would carry some weight.

    The Indictment alleges, however, that the crimes charged in Counts Three through Five were committed in part in the Southern District of New York. A different statute, 18 U.S.C. § 3237, addresses whether venue is appropriate for crimes committed in several different districts (as opposed to outside the United States). That statute provides, in pertinent part, that "[e]xcept as otherwise expressly provided by enactment of Congress, any offense against the United Sates begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed." 18 U.S.C. § 3237. Thus, "where 'the acts constituting the crime and the nature of the crime charged implicate more than one location,' venue is properly laid in any of the districts where an essential conduct element of the crime took place." *Ramirez*, 420 F.3d at 139 (quoting *United States v. Reed*, 773 F.2d 477, 480 (2d Cir. 1985)). This standard applies under both the Constitution and the federal statute. *Id.* Under Section 3237, an indictment survives a motion to dismiss where it alleges simply that the offense occurred "in the Southern District of New York and elsewhere." *Ohle*, 678 F. Supp. 2d at 231; *see also Paduch*, 2024 WL 778938, at *2; *United States v. Naumovski*, 2023 WL 5278437, at *2 (E.D.N.Y. Aug. 16, 2023); *United States v. Hwa*,

4

2021 WL 11723583, at *19 (E.D.N.Y. Sept. 3, 2021); *United States v. Delgado*, 2020 WL 2924482, at *2 (D. Vt. June 3, 2020); *United States v. Rogers*, 1991 WL 90797, at *3 (S.D.N.Y. May 21, 1991). "The question of whether there is sufficient evidence to support venue is appropriately left for trial." *Ohle*, 678 F. Supp. 2d at 231.[3]

It is not correct, as Loadholt argues, that because the Indictment identifies Section 3238 as a basis for venue, the Government cannot rely upon Section 3237. An indictment may allege alternative statutory bases for venue, and can establish venue for different defendants under different statutes. *See United States v. Miller*, 808 F.3d 607, 620 (2d Cir. 2015). To that end, venue could be appropriate under 18 U.S.C. § 3238 as to Shakeri, a foreign national alleged to have engaged in the charged crimes from Iran, if he is arrested in the Southern District. *See id.* at 619; 2 Wright & Miller's Federal Practice & Procedure § 304 (4th ed. 2025) ("If an offense is begun or committed on the high seas or out of the jurisdiction of any particular state or district, venue is proper in the district in which the offender is arrested or first brought even though parts of the crime were committed in some other district so that venue might have been proper there"). But that venue might lie against Shakeri under Section 3238 (an issue the Court need not now resolve) does not mean that venue could not lie against Loadholt under Section 3237. Indeed, the contrary conclusion would lead to absurd results. In any multi-defendant transnational indictment where venue could be established against one foreign defendant only under Section 3238, the other defendants would have to be tried in the location where they were arrested (or two or more joint offenders were arrested) and not where the charged crime was committed.

---

[3] At trial, the Government must establish venue by a preponderance of the evidence, *United States v. Purcell*, 967 F.3d 159, 186 (2d Cir. 2020), and where "a defendant is charged with multiple crimes in a single indictment, the government must satisfy venue with respect to each charge," *United States v. Davis*, 689 F.3d 179, 185 (2d Cir. 2012).

Section 3237 of Title 18 applies "[e]xcept as otherwise expressly provided by enactment of Congress." That language does not indicate that venue may be charged under only one of 18 U.S.C. § 3237 or § 3238; instead, it clarifies that for those criminal offenses that have their own specific venue provisions, the more general criminal venue statutes do not replace them. "By its own terms, [18 U.S.C. § 3237(a)] does not apply where Congress expressly provides otherwise, as it has" in numerous criminal statutes. *United States v. Tomasetta*, 2012 WL 2064978, at *3 (S.D.N.Y. June 6, 2012); *see, e.g.*, 15 U.S.C. §78aa (securities cases); 18 U.S.C. § 659 (theft of goods in interstate commerce); *id.* § 1512(h) (witness tampering); *id.* § 1956(i) (money laundering); *id.* § 3239 (espionage).[4]

The Indictment also is not defective for its failure to mention Section 3237 in the parenthetical; where a statute is highlighted in a parenthetical, it is merely "emphasized." *United States v. Kleinman*, 19 F.R.D. 423, 424 (E.D.N.Y. 1956). Nor was it necessary for the United States to include reference to any venue statute at all; "[s]ince venue requirements are not elements of a crime, they do not need to be set forth in an indictment." *United States v. Baldeo*, 2014 WL 6807833, at *3 (S.D.N.Y. Dec. 3, 2014). The grand jury need only have found that the crime occurred at least in part in this District and the indictment "need provide the defendant only a plain, concise, and definite written statement of the essential facts constituting the offense charged." *United States v. Phillips*, 690 F. Supp. 3d 268, 277 (S.D.N.Y. 2023) (quoting *United States v. Pham*, 2022 WL 993119, at *3 (S.D.N.Y. Apr. 1, 2022)). If the indictment does not

---

[4] As to Count Five, which charges Loadholt with conspiracy to commit money laundering, venue lies by statute in "any district in which the financial or monetary transaction is conducted," or in "any district where a prosecution for the underlying specified unlawful activity can be brought." 18 U.S.C. § 1956(i). If venue is proper for either the murder for hire count or the conspiracy to commit murder for hire count, and if those charges are the specified unlawful activity for which Loadholt is accused of laundering money, the specific venue provision is duplicative of 18 U.S.C. § 3237.

state the essential facts constituting the crime charged, the grand jury has not discharged its duty of finding probable cause as to the offense. *United States v. Pirro*, 212 F.3d 86, 93 (2d Cir. 2000). But, in this case, the grand jury found that the crimes charged in Counts Three through Five occurred at least in part in the Southern District of New York. And, because the Indictment on its face reflects that finding, Defendant has notice of the basis upon which he is being charged in this District. No more is required.

## CONCLUSION

The motion to dismiss the Indictment for improper venue is DENIED. The Clerk of Court is respectfully directed to close the motion at Dkt. No. 21.

SO ORDERED.

Dated: October 21, 2025
       New York, New York

_____
LEWIS J. LIMAN
United States District Judge