**MOSKOWITZ COLSON
GINSBERG SCHULMAN**

Moskowitz Colson
Ginsberg & Schulman LLP

One Battery Park Plaza
New York, NY 10004

(212) 257-6455
www.mcgsllp.com

May 23, 2026

**By ECF**

Honorable Lewis J. Liman
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

   Re: *United States v. Jonathan Loadholt,* 24 Cr. 670 (LJL)

Dear Judge Liman,

  We write in advance of the sentencing hearing on May 27, 2026, to note several factual inaccuracies in the government's sentencing submission.

  On page six of its submission, the government includes photographs of two firearms recovered from Mr. Loadholt's phone, which it mistakenly claims were taken on February 23, 2024, during the course of the stalking conspiracy. The phone extraction data indicates that the photographs were actually created on September 29, 2022, well before the conspiracy commenced. Compounding this error, the government crops one of the photographs to eliminate contextual details showing it was likely taken at a firing range, where the firearm could be lawfully used and possessed. The full image, included below, shows the gun resting on a wooden railing with spent bullet casings in the foreground spread over what appears to be a cement floor.



On page fifteen, the government includes four additional photographs without mentioning that none of them were taken by Mr. Loadholt. The photos dated July 21, 2024 were sent to him by a third party. The metadata on the photos dated July 28, 2024 suggests they were also taken by someone else. Mr. Loadholt subsequently forwarded the July 28, 2024 images to a friend who had no connection to the instant case. The defense understood the government to have conceded these errors after making the same representations in its opposition to Mr. Loadholt's motion for bond.

On page fourteen, the government provides a wholly misleading account of text messages exchanged between Mr. Loadholt and Carlisle Rivera on July 16, 2024. The government states: "[t]he following morning, Loadholt sent back to Rivera the screenshot showing a picture of Ms. Alinejad at the gym and asked, 'Yo u burnin thru here n--[?]' Rivera responded, 'Be there in a few minutes[.]'" There are two significant errors in the government's account. First, Mr. Loadholt said "bumin" not "burnin." While "burnin"

suggests urgency and speed, "bumin" implies a calm, unhurried pace. Second, Mr. Loadholt sent the photograph of the screenshot to Rivera approximately nine hours before (12:20:35 UTC) asking if he would be "bumin thru" (9:10:05 UTC). By omitting the gap in time, the government insinuates that the screenshot and text message were part of a single conversation regarding the men's supposed plan to continue looking for Vicitm-1. In reality, the text exchange appears wholly unconnected to the screenshot.

On page twenty-four, the government challenges our proposed clarification to paragraph 71 of the PSR regarding Shakeri's description of Rivera's associate. The government contends that "Shakeri did not cabin the associate's involvement to 'who he used for surveillance purposes.'" The record reflects otherwise. Shakeri's statement to law enforcement was as follows: "There was one person that Carlisle used for the surveillance purpose but I don't know his name. But that video I sent you, that was his voice." *See* USAO_002346 at 10:34. Shakeri's statement was thus exactly as we stated, and our objection is well-founded.

Thank you for your attention to these matters.

Respectfully submitted,

/s/

Deborah Colson
Joshua Lax
*Counsel for Jonathan Loadholt*

cc:    Government Counsel